# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 21-1650V

| | | |
|---|---|---|
| EMYLI FERGUSON and JEREMY FERGUSON, on behalf of J.F., a minor child, | * * * * * | Chief Special Master Corcoran |
| Petitioners, | * * | Filed: February 22, 2023 |
| v. | * * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | |
| Respondent. | * * | |

*Jessica A. Olins*, Maglio Christopher & Toale, Seattle, WA, for Petitioners.

*Felicia Langel*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On August 2, 2021, Emyli and Jeremy Ferguson, on behalf of J.F., a minor child, filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioners allege that J.F. suffered a febrile seizure, fell, and then sustained a mandibular fracture as a result of her November 12, 2020, receipt of the Diphtheria-Tetanus-Acellular Pertussis ("DTaP") and/or Pneumococcal Conjugate ("PCV") vaccines. Moreover, Petitioners allege that J.F. experienced residual effects of this injury for more than six months.

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Respondent denies that the DTaP and/or PCV vaccines caused J.F.'s injury, or any other injury or condition. Respondent also denies the DTaP and/or PCV vaccines caused J.F. to suffer a significant aggravation of any pre-existing injury, and denies that J.F.'s injury or condition is a sequela of a vaccine-related injury. Nonetheless both parties, while maintaining their above-stated positions, agreed in a stipulation (filed on February 22, 2023) that the issues before them could be settled, and that a decision should be entered awarding compensation.

I have reviewed the case file, and based upon that review I conclude that the parties' stipulation (as attached hereto) is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The stipulation awards:

- A lump sum of $90,000.00 in the form of a check payable to Petitioners as guardians/conservators of J.F.'s estate. No payments shall be made until Petitioners provide Respondent with documentation establishing their appointment as guardians/conservators of J.F.'s estate.

- A lump sum of $512.35, payable to Petitioners; and

- A lump sum of $7,000.00 representing reimbursement of a Medicaid lien for services rendered to Petitioner by the State of Arizona, in the form of a check payable jointly to Petitioners and Optum.

Stipulation ¶ 8. These amounts represent compensation for all damages that would be available under Section 15(a) of the Act.

I approve a Vaccine Program award in the requested amounts set forth above to be made to Petitioners. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

DocuSign Envelope ID: 44B16C98-F07B-4965-A05B-841ABC34D91C

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| EMYLI FERGUSON and JEREMY FERGUSON, on behalf of J.F., a minor child,<br><br>Petitioners,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 21-1650V<br>Chief Special Master Corcoran<br>ECF |

### **STIPULATION**

The parties hereby stipulate to the following matters:

1. Emyli Ferguson and Jeremy Ferguson ("petitioners"), on behalf of J.F., a minor child, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 ("Vaccine Program"). The petition seeks compensation for injuries allegedly related to J.F.'s receipt of the Diphtheria-Tetanus-Acellular Pertussis ("DTaP") and/or Pneumococcal Conjugate ("PCV") vaccines, which are contained in the Vaccine Injury Table ("Table"), 42 C.F.R. § 100.3(a).

2. J.F. received the DTaP and PCV vaccines on or about November 12, 2020.

3. The vaccines were administered within the United States.

4. Petitioners allege that the DTaP and/or PCV vaccines caused, or that the vaccines significantly aggravated a pre-existing injury, wherein J.F. suffered a febrile seizure, fell, and sustained a mandibular fracture, and that J.F. experienced the residual effects of this condition for more than six months.

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on behalf of J.F. as a result of her condition.

6. Respondent denies that the DTaP and/or PCV vaccines caused J.F.'s alleged injury or any other injury or condition, or that the vaccines significantly aggravated a pre-existing injury, and denies that J.F.'s alleged injury or condition is a sequela of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled, and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

> a. A lump sum of **$90,000.00** in the form of a check payable to petitioners as guardians/conservators of J.F.'s estate. No payment shall be made until petitioners provides respondent with documentation establishing that they have been appointed as guardians/conservators of J.F.'s estate;
>
> b. A lump sum of **$512.35**, payable to petitioners; and
>
> c. A lump sum of **$7,000.00**[1] representing reimbursement of a Medicaid lien for services rendered to petitioner by the State of Arizona, in the form of a check payable jointly to petitioners and Optum:
>
> > Optum
> > UnitedHealthcare Community Plan
> > Member ID: A07050648
> > PO Box 182643
> > Columbus, OH 43218

---

[1] This amount represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Arizona may have against any individual as a result of any Medicaid payments the State of Arizona has made to or on behalf of petitioner as a result of J.F.'s alleged injury relating to a vaccine administered on November 12, 2020, under Title XIX of the Social Security Act, *see* 42 U.S.C. § 300aa-15(g), (h).

2

Petitioners agree to endorse this check to Optum.

These amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1) and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioners and their attorney represent that they have identified to respondent all known sources of payment for items or services for which the Vaccine Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act), or entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraph 8 of this Stipulation, and any amount awarded pursuant to paragraph 9, will be made in accordance with 42 U.S.C. § 300aa-15(i) and subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for J.F.'s benefit as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. Petitioners represent that they presently are, or within 90 days of the date of judgment will become, duly authorized to serve as guardians/conservators of J.F.'s estate under

3

the laws of the State of Arizona. No payments pursuant to this Stipulation shall be made until petitioners provide the Secretary with documentation establishing their appointment as guardians/conservators of J.F.'s estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardians/conservators of J.F.'s estate at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardians/conservators of J.F.'s estate upon submission of written documentation of such appointment to the Secretary.

14. In return for the payments described in paragraph 8, and any amount awarded pursuant to paragraph 9, petitioners, in their individual capacities, and as J.F.'s legal representatives, on behalf of petitioners, J.F., and J.F.'s heirs, executors, administrators, successors, and/or assigns, do forever irrevocably and unconditionally release, acquit, and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses, and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims under the Vaccine Program on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to, or death of J.F. resulting from, or alleged to have resulted from, the DTaP and/or PCV vaccines administered on or about November 12, 2020, as alleged by petitioners in a petition for vaccine compensation filed on or about August 2, 2021, in the United States Court of Federal Claims as petition No. 21-1650V.

15. If J.F. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court of Federal Claims on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation, or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment, or do any act or thing, other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and, further, that a change in the nature of the injury or condition, or in the items of compensation sought, is not grounds to modify or revise this agreement.

18. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the DTaP and/or PCV vaccines caused or significantly aggravated J.F.'s alleged injury or any other injury or J.F.'s current condition.

19. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns as J.F.'s legal representatives.

END OF STIPULATION

Respectfully submitted,

**PETITIONERS:**

DocuSigned by:
*[signature]*
EMYLI FERGUSON

DocuSigned by:
*[signature: Jeremy Ferguson]*
JEREMY FERGUSON

| **ATTORNEY OF RECORD FOR PETITIONER:** | **AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:** |
|---|---|
| *[signature]* | *[signature]* |
| JESSICA OLINS | HEATHER L. PEARLMAN |
| MAGLIO CHRISTOPHER & TOALE, PA | Deputy Director |
| 1325 Fourth Avenue, Suite 1730 | Torts Branch |
| Seattle, WA 98101 | Civil Division |
| jolins@mctlaw.com | U.S. Department of Justice |
| | P.O. Box 146 |
| | Benjamin Franklin Station |
| | Washington, D.C. 20044-0146 |

| **AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:** | **ATTORNEY OF RECORD FOR RESPONDENT:** |
|---|---|
| Henry P. Mcmillan -S3  *Digitally signed by Henry P. Mcmillan -S3  Date: 2023.01.26 09:17:04 -05'00'* | *[signature]* |
| CDR GEORGE REED GRIMES, MD, MPH | FELICIA D. LANGEL |
| Director, Division of Injury Compensation Programs | Trial Attorney |
| Health Systems Bureau | Torts Branch |
| Health Resources and Services Administration | Civil Division |
| U.S. Department of Health and Human Services | U.S. Department of Justice |
| 5600 Fishers Lane, 08N146B | P.O. Box 146 |
| Rockville, MD 20857 | Benjamin Franklin Station |
| | Washington, D.C. 20044-0146 |
| | felicia.d.langel@usdoj.gov |

DATE: 2/22/2023

6