# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 21-1650V**

| | | |
|---|---|---|
| EMYLI FERGUSON and JEREMY FERGUSON, on behalf of J.F., a minor child, | * | Chief Special Master Corcoran |
| Petitioners, | * | Filed: June 29, 2023 |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |

*Jessica A. Olins*, Maglio Christopher & Toale, Seattle, WA, for Petitioner.

*Felicia Langel*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING ATTORNEY'S FEES AND COSTS[1]

On August 2, 2021, Emyli and Jeremy Ferguson, on behalf of J.F., a minor child, filed a petition for compensation under the National Vaccine and Injury Compensation Program (the "Vaccine Program").[2] Petition (ECF No. 1) ("Pet.") at 1. The Petition alleged that J.F. suffered a febrile seizure, fell, and then sustained a mandibular fracture as a result of her November 12, 2020, receipt of the Diphtheria-Tetanus-Acellular Pertussis, and/or Pneumococcal Conjugate vaccines. *Id.* at 2. The parties agreed on a stipulation resolving the case, and I issued a decision awarding Petitioners compensation. *See* Decision, dated Feb. 22, 2023 (ECF No. 30).

Petitioners have now filed a motion for a final award of attorney's fees and costs. Motion, dated June 21, 2023 (ECF No. 34 ) ("Final Fees Mot."). Petitioners request a total of $55,643.22,

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to Section 300aa of the Act (but will omit the statutory prefix).

dived amongst the fees and costs incurred through the services of Maglio, Christopher, & Toale Law Firm ("mctlaw") and Mazza & Niro, PLC. Final Fees Mot. at 1–2. The sum includes $51,660.50 in fees and costs incurred through the services of mctlaw ($49,825.80 in fees plus $1,834.70 in costs), and $3,982.72, reflecting the fees and costs incurred for the services of the attorneys and paralegals of a separate law firm, Mazza & Niro, PLC, that provided legal services associated with establishing an estate needed for the resolution of the case and payment of damages. *Id.* Respondent reacted to the fees request on June 22, 2023. Response, dated June 22, 2023 (ECF No. 35) ("Resp."). Respondent agrees that Petitioners have satisfied the statutory requirements for a fees award, and otherwise defers the calculation of the amount to be awarded to my discretion. Resp. at 2–3. Petitioners filed a reply further supporting their request. *See* Reply, dated June 22, 2023 (ECF No. 36).

For the reasons set forth below, I hereby **GRANT** Petitioners' motion, awarding fees and costs in the total amount of **$55,643.22**.

## ANALYSIS

### I. Attorney's Fees

Because Petitioners' claim was successful, the Act entitles them to an award of attorney's fees. Section 15(e). Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method - "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs*., 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioners request the following rates for the mctlaw attorneys, based on the years work was performed:

| | 2020 | 2021 | 2022 | 2023 |
|---|---|---|---|---|
| **Mr. Altom Maglio (Attorney)** | $420.00 | -- | -- | -- |
| **Ms. Diana Stadelnikas (Attorney)** | $440.00 | -- | -- | -- |
| **Ms. Jessica Olins (Attorney)** | $225.00 | $266.00 | $290.00 | $320.00 |

ECF No. 34-2 at 32.

Ms. Olins and the other mctlaw attorneys participating in this case practice in Washington, D.C.—a jurisdiction that has been deemed "in forum." Accordingly, they are entitled to the forum rates established in *McCulloch*. *See Cain v. Sec'y of Health & Hum. Servs.*, No. 17-264V, 2022 WL 1299129 (Fed. Cl. Spec. Mstr. Apr. 5, 2022). The rates requested are also consistent with what has previously been awarded for their time, in accordance with the Office of Special Masters' fee schedule.[3] *Rich v. Sec'y of Health & Hum. Servs.*, No. 18-353V, 2021 WL 2767697 (Fed. Cl. Spec. Mstr. May 27, 2021); *Croteau v. Sec'y of Health & Hum. Servs.*, No. 21-0322V, 2023 WL 3203069 (Fed. Cl. Spec. Mstr. May 2, 2023). I thus find no cause to reduce their rates in this instance. And I award all attorney time devoted to the matter as requested.

I shall also award the requested paralegal time at the provided rates,[4] but I have identified a discrepancy in a paralegal rate for Lindsay Wilkinson. Ms. Wilkinson had a rate of $165 for 2021, but only *$160* for 2022. ECF No. 34-2 at 32. I will, however, continue to award her $165 for the following year—a positive difference of $20.50.[5]

## II. Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while

---

[3] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited June 27, 2023).

[4] The rates for the 12 paralegals who worked on this matter are also consistent with what has previously been awarded and in accordance with the Office of Special Masters' fee schedule. ECF No. 34-2 at 32. Specifically, Aisha Jones charged $170 in 2022 and $180 in 2023. Amy Semanie charged $155 in 2021 and $160 in 2022. Dashea Kind charged $145 in 2020. Elyssa Estrella charged $160 in 2020 and $165 in 2021. Jennifer Gutierrez charged $160 in 2020; $165 in 2021; $170 in 2022. Kimberly Dutra charged $160 in 2020. Lindsay Wilkinson charged $165 in 2021 and $160 in 2022. Madison Alexander charged $170 in 2022. Makia Walker charged $165 in 2021. Melissa Sealy charged $170 in 2022. Tammie Adeyanju charged $160 in 2020; $165 in 2021; $170 in 2022; $180 in 2023. Vincent Antinori charged $170 in 2022.

[5] Ms. Wilkinson worked 4.1 hours at her previous rate of $160 which equaled $656.00. Now, with a rate of $165 for 4.1 hours of work, Ms. Wilkinson earned 676.50. This is a difference of $20.50.

working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioners seek $1,834.70 in outstanding costs, including the filing fee, medical record retrieval costs, and mailing costs. ECF No. 34-3 at 1–2. Such costs are commonly incurred in the Vaccine Program and are reasonable herein. All requested costs shall also be awarded.

Finally, Petitioners request a total of $3,982.72 for the work of Attorney Daniel Mazza and paralegals. Final Fees Mot. at 2; ECF No. 34-4 at 1–4. (I am treating this sum as a cost due to the indirect and secondary nature of this category of expenses). Mr. Mazza was retained by Petitioners for the establishment of J.F.'s estate in the state of Arizona as a requirement by Respondent pursuant to the conditions of settlement. Final Fees Mot. at 2. Such costs are typical in Program cases, were reasonably incurred in this mater, and are thus eligible for reimbursement. And the hourly rate requested for this work was reasonable as well.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioners' Motion for Attorney's Fees and Costs in its entirety and award (1) **$51,681.00**, reflecting $49,846.30 in attorney's fees and $1,834.70 in costs in the form of a check made payable to Petitioners and Petitioners' attorneys at Maglio, Christopher, & Toale, PA; and (2) **$3,982.72** in the form of a check made payable to Petitioners and Petitioners' attorneys at Mazza & Niro, PLC. Petitioners requests that payment be forwarded to mctlaw, 1605 Main Street, Suite 710, Sarasota, Florida, 34236, and Mazza & Niro, PLC, 5425 E Bell Road, Suite #104, Scottsdale, AZ 85254, respectively.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[6]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.